| | |
|---|---|
| TONIKA WINFIELD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NPC INTERNATIONAL d/b/a, ) <br> WENDY'S OLD FASHIONED ) <br> HAMBURGERS, ) <br> ) <br> Defendant. ) | Case No. <br><br> Division: <br><br><br><br><br> REQUEST FOR JURY TRIAL |

SERVE:  Registered Agent:
CT Corporation System
120 South Central Avenue
Clayton, MO 63105

## COMPLAINT

COMES NOW Plaintiff Tonika Winfield, by and through under signed counsel, and for her claims[1] against Defendant NPC International, Inc. ("Defendant"), states as follows:

1. Plaintiff Tonika Winfield ("Plaintiff") is a resident of Kansas City, Jackson County, Missouri.

2. Defendant NPC International, Inc. is a Kansas corporation properly registered and currently doing business in Missouri.

3. Defendant's principle place of business is in Pittsburg, Kansas.

4. This case involves two intentional torts:

   a. Retaliation for exercising rights granted by the Worker's Compensation Law of Missouri, in violation of R.S.Mo. § 287.780, *et seq*.; and

---

[1] Plaintiff has previously filed an action alleging these claims in the Circuit Court of Jackson County, Missouri. *Winfield v. NPC International, Inc.*, Case No. 2016-CV11463. Plaintiff voluntarily dismissed that matter without prejudice on June 2, 2020 prior to Defendant filing any responsive pleading.

      b. Failure to provide a proper Service Letter in response to a proper request, in violation of R.S.Mo. § 290.140.

5. Plaintiff worked at Defendant's Wendy's restaurant, located at 2011 West Foxwood Drive, Raymore, Cass County, Missouri 64083.

6. Plaintiff was injured and has invoked the Worker's Compensation Law of Missouri, R.S.Mo. Chapter 287.

7. Defendant communicated Plaintiff's termination to Plaintiff while she was in the Wendy's restaurant located in Raymore, Cass County, Missouri.

8. Plaintiff received the defective "Service Letter" from Defendant at her home address in Kansas City, Jackson County, Missouri.

9. Defendant employs more than five people and is an "employer" within the meaning of the Missouri Worker's Compensation Law pursuant to § 287.030, R.S.Mo.

10. Defendant is a corporation doing business in the State of Missouri that employed seven or more people at all times relevant to this lawsuit.

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because complete diversity exists amongst the parties and the amount in controversy exceeds $75,000.

12. Venue is proper in the Western Division of this Court pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3.2(b)(1).

## FACTS COMMON TO ALL COUNTS

13. Plaintiff began working for Defendant on or about October 2, 2019 and was continuously employed by Defendant until being discharged from employment on January 22, 2020.

14. Plaintiff worked as a Crew Member.

2

Case 4:20-cv-00440-GAF   Document 1   Filed 06/05/20   Page 2 of 9

15. From October 2, 2019 to January 6, 2020, Plaintiff had no disciplinary issues regarding her employment with Defendant.

16. At the time of termination, Plaintiff was enrolled and taking online classes in Defendant's manager training program.

17. On or about January 6, 2020, while in the course and scope of employment, Plaintiff was attacked and injured by her coworker.

18. The coworker threw a commercial fire extinguisher at Plaintiff.

19. The fire extinguisher forcefully hit Plaintiff.

20. Plaintiff suffered injuries to her head, neck, shoulder, and elbow.

21. Following the attack, the coworker was told to go home.

22. Plaintiff completed her shift on January 6, despite being attacked.

23. The following day, Plaintiff returned to Defendant's restaurant to speak with the General Manager, Vicky Craion, regarding the events.

24. Plaintiff reported her injuries to Craion.

25. Craion told Plaintiff to seek medical treatment.

26. Plaintiff did as instructed and sought medical treatment.

27. Craion told Plaintiff that Plaintiff was excused from work for that day, January 7, 2020.

28. Plaintiff went to the doctor the following day.

29. The authorized treatment provider told Plaintiff to stay off work that day and until January 10, 2020.

30. The authorized treatment provider provided Plaintiff with the appropriate documentation regarding these work restrictions.

31. Plaintiff was told that the authorized treatment provider would also provide a copy of these documents to Defendant.

32. Plaintiff returned to work her scheduled shift on January 11, 2020.

33. Following Plaintiff's return to work, Craion indicated her frustration with Plaintiff's time off due to her injuries.

34. Craion told Plaintiff that she did not think Plaintiff was really injured that badly.

35. Craion also told Plaintiff: "You know, I can't give you any more days off."

36. Craion's statement regarding not allowing Plaintiff future days off had no effect, because Plaintiff was already able to work without accommodations.

37. Plaintiff learned that Defendant had not been provided a copy of the documents excusing Plaintiff from work.

38. On or about January 20, 2020, Plaintiff went to Defendant's restaurant to deliver the documentation for her excused absences.

39. This documentation covered all absences relating to Plaintiff's work-related injury.

40. Plaintiff gave the documentation to Craion.

41. Craion read the documentation, and then told Plaintiff: "***You know, I'm really just done with this whole thing.***"

42. Craion told Plaintiff that Defendant did not need Plaintiff's assistance anymore.

43. Plaintiff asked if she could return to work after Plaintiff's next authorized medical appointment.

44. Craion yelled at Plaintiff: "We don't need you anymore! I'm done with all of this!"

45. Plaintiff pleaded with Craion that Plaintiff had only done exactly what the authorized treating physician had instructed.

46. Plaintiff explained that her documentation provided excuses for every absence.

47. Craion snapped back: "We're done here!"

48. On February 10, 2020, Plaintiff mailed via Certified Mail, Return Receipt Requested, a Request for Service Letter pursuant to Section 290.140.

49. The Request was addressed to Defendant's Registered Agent.

50. On February 13, 2020, the Request was received by Defendant's Registered Agent.

51. Plaintiff received a purported service letter from Defendant dated February 19, 2020.

52. Defendant's letter states, in whole:

Tonika Winfield worked at Wendy's in Raymore, MO from October 2, 2019 until January 20, 2020. She was employed as a crew member. This is the only information we can release. Please call if you any further questions.

53. Defendant's letter fails to set forth the nature and character of service rendered by Plaintiff to Defendant.

54. Defendant's letter fails to state what caused Plaintiff to be discharged from employment.

55. All actions or inactions of or by Defendant occurred by or through its agents, servants, or employees, acting within the course and scope of their employment, as set forth herein.

# COUNT I - DISCRIMINATION AND RETALIATION BASED ON THE EXERCISE OF WORKERS' COMPENSATION RIGHTS IN VIOLATION OF R.S.MO. § 287.780

56. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 55 of her Complaint, as though fully stated herein.

57. Plaintiff was an employee of Defendant.

58. Plaintiff was injured while in the course and scope of her employment with Defendant.

59. Plaintiff exercised rights granted by the Workers' Compensation Laws of Missouri, including, but not limited to, seeking medical care, work restrictions, convalescence, and time-off work benefits.

60. Defendant took adverse actions against Plaintiff, including her discharge from employment.

61. The motivating factor in these adverse actions taken by Defendant with respect to Plaintiff's employment was Plaintiff's exercise of her rights under the Workers' Compensation Laws of Missouri, including, but not limited to, seeking medical care, work restrictions, convalescence, and time-off work benefits.

62. Defendant's offered justifications for these adverse actions are false and/or pretextual.

63. The actions of Defendant, including Plaintiff's discharge from employment, were acts of retaliation, in violation of 287.780 R.S.Mo. which states as follows:

> No employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination. Any employee who has been discharged or discriminated against in such manner shall have a civil action for damages against his or her employer.

64. The conduct of Defendant, as set forth above, was done with evil motive or in reckless disregard for the rights of Plaintiff.

65. As a direct and proximate result of Defendant's unlawful conduct, including wrongfully discharging Plaintiff's employment, Plaintiff has suffered irreparable injury, including past and future pecuniary issues, loss of employment opportunities, emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, and will continue to suffer the same unless and until this Court grants relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in an amount exceeding $75,000.00; for punitive damages; for Plaintiff's costs and expenses occurred herein; for pre- and post-judgment interest; and for all other relief deemed just and proper by this Court.

## COUNT II - FAILURE TO PROVIDE AN EFFECTIVE SERVICE LETTER IN VIOLATION OF R.S.Mo § 290.140

66. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 65 of her Petition, as though fully stated herein.

67. Plaintiff was an employee of Defendant.

68. Defendant is a corporation.

69. Plaintiff was in the service of Defendant for more than ninety (90) days.

70. Plaintiff sent a Request for Service Letter to Defendant's Registered Agent on February 10, 2020.

71. This Request made specific reference to R.S.Mo. § 290.140.

72. A U.S. Certified Mail Return Receipt for Plaintiff's Request for Service Letter was signed on February 13, 2020, indicating that the Request had been received by Defendant.

73. Plaintiff received an ineffective response from Defendant on February 19, 2020.

74. The response was ineffective due to the following missing information:

    a. Defendant's letter fails to properly set forth the nature and character of service rendered by Plaintiff; and

    b. Defendant's letter fails to provide any explanation as to the cause of Plaintiff's discharge.

75. Defendant's failure to properly respond to Plaintiff's Request for Service Letter, despite having received the Request and being informed of the specific statute being invoked, constitutes a violation of the statute.

76. Further, the response is so defective as to even constitute a "Service Letter" in the meaning of Section 290.140.

77. Thus, Defendant's failure to issue a true "Service Letter" constitutes legal and actual malice, making an award of punitive damages appropriate.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in an amount fair and reasonable; for punitive damages; for Plaintiff's costs and expenses occurred herein; for pre- and post-judgment interest; and for all other relief deemed just and proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury in the Western Division of the United States District Court for the Western District of Missouri on all accounts and allegations of wrongful conduct alleged in this Complaint.

Respectfully submitted,

 */s/ Daniel L. Doyle*_____
Daniel L. Doyle, MO Bar No. 37305
Robert A. Bruce, MO Bar No. 69985
DOYLE & ASSOCIATES LLC
748 Ann Avenue
Kansas City, Kansas  66101
Telephone:  (913) 371-1930
Facsimile:  (913) 371-0147
d.doyle@ddoylelaw.com
r.bruce@ddoylelaw.com
ATTORNEYS FOR PLAINTIFF